IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ERICA GOINGS**, on behalf of herself and all other similarly situated individuals, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **DISH NETWORK L.L.C.**, | ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) | |

Plaintiff Erica Goings, by and through counsel, for her Complaint against DISH Network L.L.C. ("Defendant"), and based on personal knowledge of her own conduct and upon information and belief as to the conduct and acts of others, states and alleges the following:

## INTRODUCTION

1) This case challenges company-wide policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and concerns the underpayment of overtime to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" on behalf of herself and other similarly situated employees who may join this case pursuant to 29 U.S.C. §216(b).

3) Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all similarly situated employees currently or previously employed by Defendant in Ohio within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

1

5) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

7) Plaintiff Erica Goings is an adult individual residing in Franklin County, Ohio.

8) At all relevant times, Plaintiff and those similarly situated were employees within the meaning of the FLSA and the OMFWSA.

9) Defendant is a Colorado limited liability company that is registered to conduct business in Ohio. Defendant can be served through its Statutory Agent, Corporation Service Company at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

10) At all relevant times, Defendant conducted business in this jurisdiction.

11) At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA.

12) At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

14) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

**FACTUAL ALLEGATIONS**

15) Defendant employed Plaintiff and others similarly situated as non-exempt, hourly, home-based tech support employees.

16) Plaintiff has been employed by Defendant since approximately January 2020.

17) Plaintiff estimates hundreds, if not thousands, of similarly situated employees. For example, Plaintiff attended two training courses in which there were approximately 15 to 20 others who also attended. Plaintiff estimates that Defendant conducted training approximately every two weeks of similar class sizes.

18) Defendant employs home-based tech support employees throughout the United States. For example, during training, Plaintiff recalls attendees from Ohio, Florida, Texas, and the New England region. There were also international students in one of her training sessions.

**Unpaid Off-the-Clock Work Resulting in Unpaid Overtime**

19) Plaintiff and those similarly situated are required to clock in at the start of each scheduled shift and clock out at the end of each scheduled shift using Defendant's time clock software.

20) Before the start of their shifts, Plaintiff and others similarly situated are required to perform certain unpaid off-the-clock work activities for which they were not paid.

21) In order to clock in, Plaintiff and others similarly situated must boot up their computers, log into a secure desktop work environment, set up the desktop after that loads, and then dial into their phones.

22) Similarly, after the conclusion of their shifts, Plaintiff and others similarly situated are required to then log out of their programs and shut down their computers. This off-the-clock work is also unpaid.

23) The estimated amount of unpaid off-the-clock work is approximately 10 to 15 minutes or more per day.

24) These activities were integral, intrinsic, and indispensable parts of the jobs that Plaintiff and those similarly situated were hired to perform.

25) Booting up and launching their job-related programs constitute the first principle activities of the work day for Plaintiff and those similarly situated; and closing their job-related programs and shutting down constitutes their last principle activities of the work day.

26) Additional unpaid work occurred when there were technical problems and Plaintiff and others similarly situated would not be paid for the time it took for tech support to fix their problems and get them up and running again. This amount of unpaid time ranges from a few minutes to an hour or more.

27) The unpaid off-the-clock work is more than *de minimis* and can be easily recorded and obtained by Defendant. For example, Defendant likely has timestamps for the various logins, and opening and closing of programs.

28) Plaintiff and other similarly situated employees routinely work or worked 40 or more hours per workweek.

29) Accordingly, Defendant's failure to pay Plaintiff and other similarly situated employees for the activities described herein resulted in the underpayment of overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

30) Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on her own behalf and on behalf of a collective of other similarly situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

31) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current full-time home-based tech support employees employed by Defendant within the three (3) years preceding the filing date of this Complaint through the final disposition of this matter (the "FLSA Collective").**

32) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

33) The similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

34) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant in Ohio within the last two years defined as:

> **All former and current full-time home-based tech support employees employed by Defendant in Ohio within two (2) years preceding the filing date of this Complaint through the final disposition of this matter (the "Ohio Class").**

35) The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief avers that it consists of at least a hundred or more employees during the relevant period.

36) There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for pre- and/or post-shift work activities or for down time during technical difficulties, and whether these practices resulted in the underpayment of overtime.

37) Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

38) The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class listed above are common to the class as a whole and predominate over any questions affecting only individual class members.

39) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA Collective)

40) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

42) Defendant violated the FLSA by having a company-wide policy requiring Plaintiff and those similarly situated to preform unpaid off-the-clock work activity.

43) Defendant further violated the FLSA with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

44) Defendant's company-wide practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201 *et seq*, 29 C.F.R. § 785.24.

45) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA. 29 U.S.C. §§ 201 *et seq*. and 29 C.F.R. § 516.2(a)(7).

46) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

47) As a result of Defendant's practices and policies, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
**(Overtime Violations – Ohio Class)**

48) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49) Ohio law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

50) Defendant violated Ohio law by having a company-wide policy requiring Plaintiff and those similarly situated to preform unpaid off-the-clock work activity.

51) Defendant further violated Ohio law with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

52) Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

53) Additionally, such unpaid overtime compensation remains unpaid in violation of O.R.C. §4113.15, which provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or $200 dollars per pay period, whichever is greater.

54) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

55) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

56) As a result of Defendant's practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to Ohio law; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certifies this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the FLSA Collective; and directs that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class actual damages for unpaid wages, liquidated damages, and other relief provided under the FLSA and Ohio law;

D. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class attorneys' fees, costs, and disbursements; and

F. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:	(614) 824-5770
Facsimile:	(330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:	(330) 470-4428
Facsimile:	(330) 754-1430
Email: hans@ohlaborlaw.com
          sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

10